NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KATHLEEN FOWLER,

    Plaintiff,

v.

AT&T, INC. & AT&T SERVICES, INC.,

    Defendants.

Civil Action No. 18-667 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant AT&T Services, Inc.'s ("ATTS") Motion to Strike portions of the Amended Complaint. (ECF No. 18.) Plaintiff Kathleen Fowler ("Plaintiff" or "Fowler") filed opposition (ECF No. 21) and ATTS replied (ECF No. 22). This matter also comes before the Court on Defendant AT&T Inc.'s ("ATTI") Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (ECF No. 19.) Plaintiff filed opposition (ECF No. 24), and ATTI replied (ECF No. 29). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, ATTS's Motion to Strike and ATTI's Motion to Dismiss are DENIED.[1]

---

[1] In addition, Plaintiff filed a Motion for Leave to File Sur-Reply (ECF No. 30), to address a recent decision by the Honorable Brian R. Martinotti. (ECF No. 30.) Counsel for Defendants did not oppose the Motion. The Court, therefore, GRANTS Plaintiff's Motion for Leave to File Sur-Reply.

I.   **Background**

On January 17, 2018, Plaintiff filed the original Complaint in this case. (ECF No. 1.) On February 16, 2018, ATTS and ATTI moved to dismiss (ECF Nos. 9, 11). On February 26, 2018, while the motions were still pending, Plaintiff filed an Amended Complaint (ECF No. 14), and the Court, consequently, terminated the pending motions as moot (ECF No. 17). On March 9, 2018, ATTS filed a Motion to Strike portions of the Amended Complaint (ECF No. 18), and ATTI filed a Motion to Dismiss the Amended Complaint (ECF No. 19). The Court will address each motion, in turn.

II.   **Discussion**

    A.   **ATTS's Motion to Strike**

        1.   **Legal Standard**

Motions to strike under Rule 12(f) "are highly disfavored." *Am. First Fed., Inc. v. Chance & McCann LLC*, No. 17-2022, 2018 WL 1014164, at *5 (D.N.J. Feb. 28, 2018) (citing *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014)); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) ("Because of the drastic nature of the remedy, . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'") (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).

Motions to strike are viewed unfavorably because they are frequently utilized "as a dilatory tactic." *Newborn Bros.*, 299 F.R.D. at 94 (citing *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL883202, at *1 (D.N.J. Mar. 10, 2001)); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1381 (3d ed. 2006) ("Motions to strike a defense as

2

insufficient are not favored by federal courts because of their somewhat dilatory and often harassing character."). Motions to strike, therefore, will not be granted "unless the presence of the surplusage will prejudice the adverse party." *Newborn Bros.*, 299 F.R.D. at 94 (citing *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)). Nonetheless, the Court's determination on a motion to strike is discretionary. *Id.*; *Tonka*, 836 F. Supp. at 217 ("A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f).") (citing *River Rd. Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)).

### 2. Parties' Positions

ATTS contends that allegations in the Amended Complaint concerning ATTS's compliance with the Older Workers Benefit Protection Act ("OWBPA") and a fraudulent release that Plaintiff "admittedly did not sign" should be stricken under Rule 12(f) as immaterial to Plaintiff's discrimination claims. (Def. ATTS's Moving Br. 1-4, ECF No. 18-1.) ATTS argues that the "immaterial and impertinent" allegations set forth in Paragraphs 101, 102, and 103 and parts of Paragraphs 114, 115 and 116 of the Amended Complaint invite unnecessary discovery of irrelevant matters and cast ATTS in a scandalous and prejudicial light. (*Id.* at 1-2, 4-7.)

Plaintiff argues that her allegations regarding ATTS's compliance with the OWBPA and its fraudulent release scheme reflect the company's age bias and that ATTS will not be prejudiced by preserving the disputed portions of the Amended Complaint. (Pl.'s Opp'n Br. 1, 5-11, ECF No. 21.) In reply, ATTS argues that the alleged OWBPA violation cannot be probative of age bias because "[t]he Third Circuit has specifically held that an employee who does not sign a waiver or release 'cannot establish a violation of [the OWBPA]'" (Def. ATTS's Reply Br. 2, ECF No. 22) (citing *Lawrence v. Westminster Bank N.J.*, 98 F.3d 61, 72 (3d Cir. 1996)).

3

3. **Analysis**

Here, the Court agrees with Plaintiff that the paragraphs at issue are relevant to Plaintiff's age discrimination claims because they attempt to set forth a pattern and practice of age discrimination. In fact, Paragraph 102 of the Amended Complaint—one of the paragraphs that ATTS requests to strike in its entirety—states that "[t]he General Release and Waiver contained misstatements of fact, was misleading, was not knowing and voluntary, failed to comply with the strict disclosure requirements for a valid waiver of an ADEA claim per the *[OWBPA]*, and *was intended by AT&T to harm workers age 40 and over.* (Am. Compl. ¶ 102 (emphasis added).) Moreover, paragraphs 114, 115 and 116 of the Amended Complaint provide:

> 114. AT&T's discriminatory plan and scheme involves notification of "surplus" status, a period during which "surplussed" employees remain employed and try to secure alternative positions with AT&T, and the presentation of a fraudulent "General Release and Waiver" that AT&T knows does not comply with the *OWBPA* and does not release or waive an employee's claims and rights under the ADEA.
>
> 115. AT&T's three-step "surplus," then termination and fraudulent release scheme is infected with *age bias*.
>
> 116. AT&T placed Plaintiff on surplus status in January and then again in October, 2016, and terminated her employment effective December, 2016, as part of its *age-discriminatory*, three-step "surplus," then termination and fraudulent release scheme.

(Am. Compl. ¶¶ 114-16 (emphasis added).)

The age discrimination allegations in the Amended Complaint are inextricably intertwined with the allegations concerning the General Release and Waiver, the three-step surplus and the termination and release scheme. The Court is not persuaded by ATTS's arguments to the contrary and finds ATTS's reliance on *Lawrence v. National Westminster Bank* misplaced.[2] (Def.'s Reply

---

[2] Defendant appears to spend considerable time emphasizing how Plaintiff never signed the waiver or release. The fact that the waiver or release was never signed, however, is of little import, as it

4

Br. 2.) The *Lawrence* court merely concurred with the district court's ruling that the plaintiff's OWBPA claim was unfounded because he never signed the termination agreement, never waived his rights and, thus, could not establish a violation of the OWBPA waiver provisions. *Lawrence*, 98 F.3d at 72. Here, Plaintiff does not raise an independent OWBPA claim. Instead, Plaintiff details ATTS's OWBPA-related conduct to support her allegations that ATTS engaged in age discrimination by employing a scheme and pattern of disparate treatment. (*See* Am. Compl. ¶¶ 102, 114-16.) In other words, ATTS's intent to violate OWBPA—whether proven or not—constitutes part of the factual support underpinning Plaintiff's ultimate age discrimination claims. As a result, words and phrases like "age bias," "age-discriminatory," "intended . . . to harm workers age 40 and over" are integrated in paragraphs of the Amended Complaint alongside mentions of the OWBPA to allege an overall age discrimination case. (*Id.*) Finally, this should not change the scope of discovery or prejudice ATTS because the discovery will involve conduct related to age discrimination. The Court, therefore, denies ATTS's Motion to Strike.

### B. ATTI's Motion to Dismiss

#### 1. Legal Standard

Plaintiffs bear the burden of proof in establishing the existence of personal jurisdiction. *Mellon Bank (East) P.S.F.S., Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). In deciding a motion to dismiss for lack of jurisdiction, "a court is required to accept the plaintiff's allegations as true and is to construe disputed facts in favor of the plaintiff." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). As to jurisdiction, however, "the plaintiff must sustain its burden of

---

is the general termination and release scheme—and the mere presentation of the waiver or release to Plaintiff—that is part of the alleged overall age-discriminatory pattern or practice utilized by ATTS against Plaintiff and which Plaintiff pled in the Amended Complaint.

proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . not mere allegations." *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990) (internal quotation omitted).

A court is authorized to exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction over a corporation may be exercised where the corporation is "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporation is at home where it has its "place of incorporation and principal place of business" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), or where its affiliations with the state are so "continuous and systematic" as to render it essentially at home in the forum state. *Goodyear*, 564 U.S. at 919. Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

### 2. Parties' Positions

ATTI argues that the Court lacks personal jurisdiction over it because ATTI is a Delaware holding company with no contacts in New Jersey. (Def. ATTI's Moving Br. 1-11, ECF No. 19-1.) ATTI additionally argues that Plaintiff failed to demonstrate a basis for personal or specific jurisdiction. (*Id.* at 5-11.) According to ATTI, it is not the alter ego of its subsidiary controlled companies and these companies are not a single and/or integrated employer and/or enterprise. (*Id.* at 11-12.) ATTI also argues that it is a holding company that maintains "a bona fide parent/subsidiary business relationship" with other AT&T entities for legitimate purposes, and

6

these entities observe corporate formalities and maintain independent corporate structures. (*Id.* at 14.)

Plaintiff argues that the Court has personal jurisdiction over ATTI. (Pl.'s Opp'n Br. 1-4, ECF No. 24.) Plaintiff further argues that: (i) ATTI presents itself and its subsidiaries as "AT&T"; (ii) her employer was the "AT&T family of companies," including and headed by ATTI; (iii) ATTI initiated, directed, and controlled the discriminatory workforce reduction plan 2020; (iv) ATTI terminated her as part of the discriminatory workforce reduction plan 2020; and (v) ATTI purposefully directed its activities at the state of New Jersey, including its employment and unlawful termination of Plaintiff. (*Id.* at 6-13). Finally, Plaintiff asserts that ATTI has minimum contacts with New Jersey such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice and, therefore, comports with due process. (*Id.* at 14-17.)

3. **Analysis**

In *Horowitz v. AT&T Inc.*, the Honorable Brian R. Martinotti, U.S.D.J., found that personal jurisdiction could be exercised over ATTI. No. 17-4827, 2018 WL 1942525 (D.N.J. Apr. 25, 2018). Here, the Court finds the *Horowitz* opinion instructive. In finding specific jurisdiction over ATTI, the *Horowitz* Court reasoned:

> As stated above, specific jurisdiction requires . . . "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." The General Release and Waiver directed at Plaintiffs, some of which are New Jersey residents . . . offered an "[ATTI] Severance Pay Plan" if the terminated employees signed the release. After termination, the employees had an opportunity to receive a severance payment under the [ATTI] Severance Pay Plan if he or she executed the General Release and Waiver, which was presented to employees on the same day as the AT&T Surplus Notification Letter, as part of a standard uniform package. In fact, the [ATTI] Severance Pay Plan is listed in [ATTI]'s Form 5500, Annual Return/Report of Employee Benefit Plan. As such, Plaintiffs have established [ATTI] purposefully

7

> directed activities (the 2020 Scheme) at New Jersey residents and the claims in this matter clearly arise out of the 2020 Scheme, which included the [ATTI] Severance Pay Plan. Moreover, personal jurisdiction is reasonable and fair because [ATTI] should have anticipated being hauled into court due to its Severance Pay Plan.

*Horowitz*, 2018 WL 1942525, at *10. ATTI raised a number of arguments in *Horowitz*, including that it: (1) did not have the minimum contacts with New Jersey necessary for specific jurisdiction because ATTI is a Delaware corporation with its principal place of business in Dallas, Texas; (2) operates as a holding company, has no employees or real estate in New Jersey, does not insure persons or property in New Jersey, and does not pay taxes in New Jersey; (3) is not registered to do business in New Jersey; (4) does not produce goods or services or advertises in New Jersey; and (5) has no presence, operations or contracts in the District of New Jersey. After carefully considering ATTI's arguments, the *Horowitz* Court stated:

> [T]h[ese] argument[s] ignore[] the fact that [ATTI] purposefully directed its 2020 Scheme, Severance Pay Plan at residents of New Jersey and the claims in this matter arises out of those activities. As such, the Court finds at this time Plaintiffs have demonstrated specific jurisdiction over [ATTI]. Accordingly, [ATTI]'s Motion to Dismiss based on lack of personal jurisdiction is DENIED.

*Id.*

The Court finds the *Horowitz* analysis persuasive. The Court, accordingly, adopts the *Horowitz* reasoning and finds that Plaintiff has demonstrated specific jurisdiction over ATTI. The Court, consequently, denies ATTI's Motion to Dismiss based on lack of personal jurisdiction.

## III. Conclusion

For the reasons set forth above, ATTS's Motion to Strike and ATTI's Motion to Dismiss are DENIED. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: October 31, 2018